SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 29 2004
J. T. NOBLIN, CLERK
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL. PLAINTIFFS

VS. CIVIL ACTION NO.3:03cv435WS

MERCK & CO, INC., ET AL. DEFENDANTS

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**
**AND GRANTING DEFENDANTS' PENDING MOTIONS**

THIS CAUSE came before the Court on:

1. Plaintiffs' Motion to Remand (#6);

2. Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3. Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4. Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24);

5. Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal authorities submitted by the parties, having heard the argument of counsel and having otherwise fully considered the above-referenced Motions, the Court is of the opinion that the Defendants' Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be denied.

41

IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2. Dr. Randall Smith's Motion for Summary Judgment (#19) is granted. Judgment is hereby entered in favor of Dr. Smith.

3. Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4. Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted. Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5. The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted. The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the 26th day of March 2004.

Henry T. Wingate
UNITED STATES DISTRICT JUDGE



M00184679

Approved as to form:

Dave Micelli (AMT w/ permission)

Counsel for Plaintiffs

Anita Modak-Truran

Counsel for Defendant Merck & Co., Inc.

Michael Coleman (AMT w/ permission)

Counsel for Defendant Randall Smith, M.D.

JACKSON 859879v1

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

Unite: Southi

APR 1 9 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 1 6 2004
Michael N. Milby, Clerk
Laredo Division

| | | |
|---|---|---|
| PATRICIA BENAVIDES, Individually and as Representative of the ESTATE OF LUCIA GUTIERREZ, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. L – 03 – 134 |
| MERCK & CO., INC., CARLOS CIGARROA, M.D., MERCY HOSPITAL, AND DENNIS CANTU, M.D., | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] and Defendant Dennis Cantu, M.D.'s Motion to Dismiss [Doc. No. 41]. The Motion to Remand was referred to Magistrate Judge Adriana Arce-Flores for a report and recommendation. Judge Arce-Flores filed the Report and Recommendation on February 24, 2004. No party has objected to the Report and Recommendation. *See* 28 U.S.C. 636(b). "A party who fails to file written objections to a magistrate judge's proposed findings and recommendations waives the objection..." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Finding no clear error, this Court accepts the Report and Recommendation. Accordingly, Plaintiffs' Motion to Remand is hereby **DENIED** and all claims against Dr. Carlos Cigarroa, Dr. Dennis Cantu, and Mercy Hospital are hereby **DISMISSED WITH PREJUDICE**.

43

Having adopted the Report and Recommendation, the Court has already dismissed all claims against Dr. Cantu. For that reason, the pending Motion to Dismiss is **DENIED AS MOOT.**

IT IS SO ORDERED.

SIGNED this 5th day of April, 2004.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**



M001844682

ORIGINAL

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

NOV 17 2003

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD ZELLMER, an individual, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:03-CV-2530-RWS |
| MERCK & CO., INC., et al., | : | |
| Defendants. | : | |

## ORDER

This case is before the Court for consideration of Plaintiff's Motion for Remand [8-1]. After reviewing the record, the Court enters the following Order.

Plaintiff originally brought this action in the State Court of Fulton County. On August 25, 2003, Defendant Merck & Co., Inc. ("Merck") removed the action to this Court. In the action, Plaintiff seeks damages for injuries he allegedly received as a result of taking the prescription drug VIOXX. In addition to Merck, the manufacturer of VIOXX, Plaintiff named as Defendants several individuals who are residents of the state of Georgia and who are sales representatives for Merck. Plaintiff alleges causes of action for products liability, negligence, breaches of expressed warranties, breaches of an

implied warranty of merchantability, and fraud and misrepresentation. Since originally filing the Complaint, Plaintiff has voluntarily dismissed several of the individual Defendants. However, Vince Kirkes, Susie Light, and Thomas Griffith (the "individual Defendants"), who are Georgia residents, remain as parties to the action.

Plaintiff brings the present motion seeking remand of the case to the State Court of Fulton County and contending that this Court lacks jurisdiction because there is not complete diversity. The Notice of Removal alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides for jurisdiction in the federal courts for an action between citizens of different states. The United States Code allows a civil action to be removed to federal court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). When jurisdiction is based on diversity of citizenship, the case may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. at 1441(b). In the present case, complete diversity of citizenship appears not to exist because the Plaintiff is a resident of Georgia and the individual Defendants are residents of Georgia. Therefore, pursuant to § 1441(b), removal is not available unless

Defendants can show that the individual Defendants are not "properly joined." Id. Merck argues that the individual Defendants are fraudulently joined.

A plaintiff may not join a party as a defendant simply to avoid the federal courts. However, the party seeking removal bears the burden of proving that a defendant was joined fraudulently. Since it appears from the face of the Complaint that this Court does not have jurisdiction, this action is subject to remand unless Defendants can prove that Plaintiff cannot possibly establish a cause of action against any Georgia resident Defendants or that Plaintiff has no real intention of securing a judgment against any of the Georgia resident Defendants. Chicago, Rock Island & Pacific Ry Co. v. Shchwyhart, 227 U.S. 184, (1913); Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). This burden of proof is a heavy one. Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998) A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 3, 37 (1921); Parks v. New York Times Co., 308 F.2d 474, 478 (11th Cir. 1962). The Eleventh Circuit favors remand when jurisdiction in the federal courts is unclear. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th

Cir. 1994). In addressing fraudulent joinder, all factual allegations must be considered as of the date of the removal and in the light most favorable to the plaintiff. Crowe, 113 F.3d at 1538. Moreover, any uncertainties about state substantive law must be construed in favor of the plaintiff. Id.

Merck first argues that Plaintiff has fraudulently joined the individual Defendants because there is no reasonable legal possibility that Plaintiff could prevail on his claims against them. Count I of the Complaint alleges a cause of action for strict product liability. Plaintiff cannot prevail on a strict product liability claim against the individual Defendants because Georgia's strict liability statute, O.C.G.A. § 51-1-11.1(b), imposes liability only on manufacturers. Crooke v. R.J. Reynolds Tobacco Co., 978 F.Supp. 1482, 1485 (N.D. Ga. 1997).

In Count II, Plaintiff alleges "Defendants" were negligent in the design, manufacture, marketing, sale, testing, and/or distribution of VIOXX. The specific acts of negligence of the individual Defendants are not set out. Plaintiff charges all of the Defendants with all of the acts of negligence without distinguishing among them. In James v. Parke-Davis, Civil Action No. 1:00-CV-1203-JEC (N.D. Ga., Nov. 30, 2000), Judge Carnes addressed similar

simply uses the collective term "Defendants." There are no allegations of time or place of the representations. The allegations in the Complaint do not satisfy the requirements of Rule 9(b). See In re: Rezulin Products Liability Litigation, 133 F.Supp.2d 272, 283-84 (S.D. N.Y. 2001).

The failing of the allegations in Count V recur throughout the Complaint. Plaintiff has failed to allege specific facts supporting claims against the individual Defendants. By using the collective "Defendants" for all his allegations, Plaintiff has made it difficult to identify any liability on the part of the individual Defendants. Plaintiff has not addressed this shortcoming in spite of being put on notice of it in the Notice of Removal and Defendants' Response Brief to the Motion for Remand. Notice of Remand at ¶ 14; Response Brief at 13-16.[1] Plaintiff's failure to allege claims attributable to the specific individual Defendants causes the Court to conclude that Plaintiff has no viable claims against these Defendants. See In re: Rezulin Products Liability Litigation, 168 F.Supp.2d 136, 140 (S.D. N.Y. 2001); In re: Rezulin Products Liability Litigation, 133 F.Supp.2d at 291.

Plaintiff also sought remand based on the failure of the individual

---

[1]Plaintiff did not file a Reply to the Response Brief.



AO 72A
(Rev.8/82)

M00152687

Defendants to join in or consent to the removal. Generally, "[a]ll named defendants must consent to or join the petition for removal." Kuhn v. Brunswick Corp., 871 F.Supp. 1444, 1446 (N.D. Ga. 1994). "Despite this general rule, the consent of all defendants is not required when some defendants have been fraudulently joined." James, slip op. at 5. Having found that the individual Defendants were fraudulently joined, their joinder in the Removal Petition was not required.

Based on the foregoing, Plaintiff's Motion for Remand [8-1] is hereby **DENIED.**

**SO ORDERED** this 12th day of November, 2003.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)

M001529688

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 17 2003
J.T. NOBLIN, CLERK
BY DEPUTY

ANNIE PORTER, FLORA SUMRALL,
AND ANNIE LAURIE VARNADO PLAINTIFFS

VS. CIVIL ACTION NO. 4:03CV12LN

MERCK & CO., INC.; G.D. SEARLE AND CO., A SUBSIDIARY OF PHARMACIA, INC., A FOREIGN CORPORATION; MONSANTO COMPANY; PFIZER, INC.; JOHN DOE #1, M.D.; JOHN DOE #2, M.D., JOHN DOE #3, M.D., AND JOHN DOE #4 M.D., ALL MISSISSIPPI PHYSICIANS WHOSE TRUE NAMES AND IDENTITIES ARE PRESENTLY UNKNOWN OR UNCONFIRMED BUT WILL BE SUBSTITUTED BY AMENDMENT DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Amos Porter, Flora Sumrall and Annie Laurie Varnado to remand and motion for leave to amend the complaint. Defendants G.D. Searle LLC, Pharmacia Corporation, Monsanto Company (now known as Pharmacia Corporation) and Pfizer, Inc. have responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that both the motion to amend and the motion to remand should be denied.

Plaintiffs, through counsel, filed this lawsuit in the Circuit Court of Jasper County on December 31, 2002, seeking to recover damages for injuries allegedly sustained as a result of their having taken one or both of the prescription pain relief

drugs Celebrex and Vioxx. Plaintiffs, all Mississippi residents, named as defendants five non-resident pharmaceutical manufacturers, and also included four "John Doe" defendants, all of whom were alleged to be "Mississippi physicians whose true names and identities are presently unknown or unconfirmed." On January 10, 2003, the manufacturer defendants, who had not yet been served with process, removed the case to this court on the basis of diversity jurisdiction. In their motion to remand, filed promptly following removal, plaintiffs contend that defendants' pre-service removal constitutes a defect in the removal procedure which necessitates remand. Plaintiffs further urge that in the event the case is not remanded on that basis, they should be allowed to amend their complaint to identify those "Mississippi physicians" who were initially identified only as "John Doe" defendants, as a consequence of which complete diversity will be lacking, and remand thus required pursuant to 28 U.S.C. § 1447(e).

There is no question but that there is now (and that there was at the time of removal) jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the $75,000 threshold for jurisdiction under the diversity statute (a point which plaintiffs do not dispute); and although plaintiffs, themselves Mississippi residents, named John Doe defendants whom they represented were also Mississippi residents, the law is clear that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether there is complete diversity for removal purposes. 28

U.S.C. § 1441(a). The remaining defendants named by plaintiffs in the complaint are all citizens of states other than Mississippi, and consequently there is complete diversity of citizenship between the parties.

Moreover, while plaintiffs contend that under the Supreme Court's decision in Murphy Brothers v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), defendants could not properly remove the case until they were formally served with process and that defendants' pre-service removal was therefore defective, neither this court, nor any court identified by plaintiff or of which this court is aware, has interpreted Murphy Brothers as precluding removal by a defendant prior to formal service of process. The Court in Murphy Brothers held only that a defendant is not obligated to take action in a case until after it has been properly served with process;[1] it did not hold that a defendant must await service to take action. See Mauldin v. Blackhawk Area Credit Union, No. 01 C 50221, 2002 WL 23830, *1 (N.D. Ill. January 2002)(holding that since the defendant was not properly served with process, "the thirty-day removal technically never really began," and therefore, "[the

[1] In Murphy Brothers, the Supreme Court, applying the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," concluded that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48.

defendant's] notice of removal was timely"). Defendants' removal was therefore both substantively and procedurally proper.

The question then becomes whether plaintiffs should now be permitted to amend their complaint, post-removal, to include as defendants those physicians who were identified as John Doe defendants in their original complaint. For the reasons that follow, the court is of the opinion that in this case, plaintiffs' request to amend should be denied.

28 U.S.C. § 1447(e) states:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

While the statute, by its terms, refers only to post-removal efforts by plaintiffs to "join additional defendants," the Fifth Circuit has recognized that § 1447(e) applies, as well, to the identification of fictitious defendants after removal. See Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 475 (5th Cir. 2001).

In Hensgens v. Deere & Company, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit addressed the standard applicable to where a plaintiff seeks to amend to add a non-diverse defendant following removal of an action on the basis of diversity jurisdiction. The court held that in such cases, the district court "should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other

factors bearing on the equities." Id. at 1182. Although this case differs somewhat from the typical § 1447(e) case in that the non-diverse defendants proposed to be identified by the amendment were fictitiously named in the original complaint, that circumstance does not render the Hensgens analysis inappropriate since "the equitable nature of the Hensgens analysis allows the court to consider not only the plaintiff's motive, but other equitable factors," as well. Lacy v. ABC Ins. Co., No. Civ. A. 95-3122, 1995 WL 688786, *2 (E.D. La. Nov. 17, 1995) (such factors might include "the strength of plaintiff's case against the non-diverse defendants and the diverse defendant's ability to anticipate the citizenship of the fictitiously named defendant(s) at the time of removal").

Turning, then, to the Hensgens factors, in the case at bar, it may be somewhat difficult to characterize as truly "dilatory" plaintiffs' request to amend since plaintiffs did indicate in their original complaint that they were desirous of suing the physicians who prescribed Vioxx and/or Celebrex to them. On the other hand, there can be no doubt that plaintiffs themselves knew - they must have known - the identity of their own prescribing physicians at the time the complaint was filed; and yet their attorneys, rather than take the time to ascertain this information from their clients, resorted to the expedient of suing the doctors as fictitious parties. Apparently, this was done in counsels' haste to get the complaint filed before Mississippi's recently enacted medical malpractice tort reform law took effect on January

1, 2003.[2] The simple fact is, plaintiffs' counsel could easily have known and confirmed the identity of the John Doe defendants before filing this suit, and yet did not seek to learn the identity of the John Doe defendants, or any of them, until after the case was removed.[3] Given that the identity of these defendants could have been known before suit was filed, it can fairly be said that the post-removal attempt to join them as defendants is "dilatory."

That brings the court to the question of plaintiffs' purpose, or motivation, in suing, or attempting to sue, these doctors. It is perhaps true in the usual case that the fact that a plaintiff has included a defendant as a fictitious defendant in his state court pleading would tend to belie an inference that the plaintiff's motivation for seeking to amend post-removal to substitute a real party for the one previously identified only as a fictitious party is to defeat diversity jurisdiction. See Gilberg v. Stepan Co., 24 F. Supp. 2d 355, 358 (E.D. La. 1998) (fact that the plaintiff was unable to effect the substitution before the defendant removed "does not somehow convert any subsequent effort at substitution into a joinder for the sole

---

[2] As defendants note, this new legislation, which took effect the day after plaintiffs' complaint was filed, placed significant restrictions on filing lawsuits against physicians.

[3] Perhaps they had intended to do this prior to serving the diverse defendants, working under the mistaken impression that the case would not be removable until at least one of the diverse defendants was served, and were foiled in their efforts when the diverse defendants filed their notice of removal prior to service of process.

purpose of destroying diversity'"); Davis v. American Commercial Barge Line Co., No. Civ. A. 98-537, 1998 WL 341840, at *2 (E.D. La. June 25, 1998) (substitution of real party for fictitious party named prior to removal indicates purpose of joinder is not solely to destroy diversity). Here, however, the court is persuaded that plaintiffs' motivation, not just for undertaking to now substitute these doctors as the real party defendants, but for having undertaken to sue them in the first place, was to avoid federal jurisdiction.

Plaintiffs' complaint contains eleven counts, ten of which are directed against the manufacturer defendants, and assert products liability based claims, and fraudulent and negligent misrepresentation by those defendants as to the safety and efficacy of the products at issue. A major theme of these counts - in fact, the major theme - is that the manufacturer defendants knew of the dangers posed by these drugs all along, and yet they withheld this information and intentionally marketed them, "both directly to the consuming public and indirectly to physicians through drugs sales representatives," as safe and effective, and at all times, before, during and after marketing the products, failed to provide adequate warnings or instructions of the defective nature of the products. The complaint alleges throughout that in addition to their marketing to the consuming public, the manufacturer defendants' sales representatives, who marketed the products to doctors, made fraudulent misrepresentations concerning the safety and efficacy of these

products. As to the doctors themselves, plaintiffs' complaint contains one count charging medical negligence in which plaintiffs bluntly allege that these physicians prescribed these drugs to plaintiffs, that they "knew, or should have known, of the dangerous side effects of these medications," and that their prescribing these medications "presents a deviation from the standard of care generally exercised by physicians. . . ."

Although the court is aware of the propriety of pleading in the alternative, here, given plaintiffs' explicit, repeated and consistent charge that the manufacturer defendants concealed and misrepresented information about the subject drugs to physicians, plaintiffs' entirely conclusory allegation that the doctors "knew, or should have known, of dangerous side effects of these medications," without any indication of a factual basis for such an allegation, strongly suggests to the court that plaintiffs have sued the physicians only as a means of avoiding federal court. Cf. Louis v. Wyeth-Ayerst Pharmaceuticals, Inc., Civil Action No. 5:00CVG102LN (S.D. Miss. Sept. 25, 2000) (notwithstanding the plaintiffs' general references to knowledge possessed by "defendants," the complaints, which alleged that the manufacturers undertook to deceive everyone, including the pharmacist defendants, about the safety of their drugs, could not "reasonably and legitimately be construed as alleging any factual basis for the conclusion that any of the pharmacy defendants had any knowledge or reason to know of any of the dangers associated with the product(s) of which plaintiffs contend they were unaware");

Brown v. Bristol-Myers Squibb Co., Civil Action No. 4:02CV301LN (S.D. Miss. Dec. 2, 2002) (same).

While the proposed amended complaint does not disclose any legitimate basis for suing these defendants, if it were to turn out that plaintiffs, in fact, do have some basis for suing them, there is nothing to prevent them from bringing a separate action against them in state court, and in the court's opinion, plaintiffs will not be prejudiced if required to proceed against the doctors separately.[4] The court herein holds only that plaintiffs may not sue them in this action.

For the foregoing reasons, it is ordered that plaintiffs' motion to remand and to amend is denied.

SO ORDERED this 17th day of June, 2003.

UNITED STATES DISTRICT JUDGE

[4] Of course, if required to proceed separately against the doctor defendants, plaintiffs would no doubt find their claims subject to the newly enacted medical malpractice tort reform law; but their efforts to avoid that law in the manner they chose was of questionable legitimacy to begin with. Had they a genuinely cognizable claim against the doctors, they could and should have made every reasonable effort to properly name them at the outset, and could and should have pled a proper claim against them. They did neither.

3731 and Jim Staley 3730

IN THE UNITED STATES DISTRICT CC
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
OCT 09 2003
Michael N. Milby, Clerk of Court

KIMBERLY STUBBLEFIELD, et al. §
§
§
versus § CIVIL ACTION NO. H-02-3139
§
§
MERCK & COMPANY, INC., et al. §

**ORDER**

Pending before the Court is Plaintiff's Motion to Reassign Case to Original Court (H-02-3490) and to Consolidate Cases with Civil Action No. H-02-2139 (Instrument No. 23). The Motion to Consolidate (Instrument No. 23-1) is DENIED. This Court has no authority to reassign either of the other two cases referenced by Plaintiffs and accordingly that Motion (Instrument No. 23-2) is also DENIED. The matter has been referred to the District Clerk's Office to determine if Defendants wrongfully failed to indicate that the case was related to one that had previously been remanded in order to forum shop.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 6 day of October, 2003, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

27

M00184683

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 02 C 4203 | DATE | 8/30/2002 |
| CASE TITLE | Scott Zeedyk, on behalf of himself and all other persons similarly situated vs. Merck & Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION:

Plaintiff's Motion to Remand back to Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ____.

(3) ☐ Answer brief to motion due ____. Reply to answer brief due____.

(4) ☐ Ruling/Hearing on ____ set for ____ at ____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.

(7) ☐ Trial[set for/re-set for] on ____ at ____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse side of this minute order, Zeedyk's motion to remand for lack of subject matter jurisdiction is DENIED [7-1].

David H. Coar

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | 10 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

M00184684

(Reserved for use by the Court)

## ORDER

Before this Court is the motion of plaintiff, Scott Zeedyk, to strike or deny defendant's notice of removal. Plaintiff is a citizen of Illinois. Defendant, Merck, is a citizen of New Jersey. This case involves failure to warn clams and allegations that VIOXX, a prescription medicine manufactured by Merck, caused plaintiff, Zeedyk, to sustain life-threatening injuries.

On May 8, 2002, plaintiff filed his original complaint against the defendant in the Circuit Court of Cook County. On May 20, 2002, the defendant was served with service of process. On this date as well, plaintiff was granted leave of court by the Circuit Court to file an amended complaint instanter. On May 29, 2002, this amended complaint was served on the defendant. Pursuant to 28 U.S.C. § 1332, the defendant filed its first notice of removal, on June 12, 2002, based on its receipt of the original complaint, and on its subsequent receipt of the amended complaint, filed an amended notice of removal on June 25, 2002.

Plaintiff moves to remand because it alleges that Merck failed to conform to Local Rule 81.2. This rule requires that the notice of removal be accompanied by a statement of good faith that the jurisdictional limit is met and by either a response by plaintiff to a request to admit or a response to an interrogatory stating that the jurisdictional limit is met or proof of the failure to respond to such a request to admit or interrogatory. Merck did not provide any such responses with its notice of removal. Defendant argues that where, as here, the complaint clearly establishes that the amount in controversy is in excess of the jurisdictional minimum, the defendant need not establish satisfaction of the jurisdictional minimum through the procedure outlined in Local Rule 81.2.

This Court has previously explained that Local Rule 81.2 is "not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court." Murphy v. Avon Products, Inc., No. 02-C-146, 2002 WL 808386 (N.D. Ill. April 30, 2002); Huntsman v. Whitehouse, No. 97-C-3842, 1997 WL 548043 (N.D. Ill. Sept. 2, 1997). Zeedyk seeks, inter alia, compensatory and punitive damages for Merck's alleged knowing, intentional, willful, reckless, and malicious failure to warn. Plaintiffs seeking similar relief against other pharmaceutical manufacturer defendants and making similar allegations of failure to warn received jury awards well in excess of $75,000. See, e.g., Proctor v. Upjohn, 291 Ill.App.3d 265, 286-87 (Ill. App. 1997) (plaintiff received approximately $3 million in compensatory damages and $6 million in punitive damages for failure to warn claim); Batteast v. Wyeth Labs. Inc., 172 Ill. App.3d 114 (Ill. App. 1988) (upholding jury's award of approximately $9 million in compensatory damages and $13 million in punitive damages). Plaintiff attempted to defeat jurisdiction in this court by specifically pleading in the amended complaint that he was waiving his right to damages in excess of $75,000. However, this is impermissible under Illinois pleading rules, which forbid a plaintiff in a personal injury action from pleading in its complaint any amount of damages other than "the minimum necessary to comply with the circuit rules of assignment where the claim is filed." 735 Ill. Comp. Stat. Ann. § 5/2-604 (West 2002); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992). Thus, it is reasonably probable that the amount in controversy exceeds $75,000 where similar claims recovered damages well over that amount.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

[signature]

M00184685

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUN 18 2002

ROBERT H. SHEMWELL, CLERK
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN ABRUSLEY, SR. | : | DOCKET NO. 02-0196 |
| VS. | : | JUDGE TRIMBLE |
| MERCK & CO., INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand or alternatively, motion for leave to amend and then remand. [doc. # 20].[1]

In the summer of 2001, John Abrusley Sr. went to see his doctor because he was experiencing hip pain. (Petition, ¶ 2). His doctor gave him an injection of Risticar and supplied him with samples of Vioxx. *Id.* Abrusley used the Vioxx for two to three weeks, before stopping. *Id.* at ¶ 4. However, several days later, Abrusley suffered a stroke and collapsed – breaking his wrist. *Id.* at ¶¶ 5-9. Abrusley believes that Vioxx caused his stroke and resulting injuries. *Id.* at ¶ 11. Accordingly, on January 11, 2002, Abrusley filed the instant action against the Vioxx manufacturer, Merck, & Co., Inc. ("Merck") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Also made defendant was John Doe, the fictitious name for Merck's salesman or detailer who provided the product samples to plaintiff's doctor.

On January 31, 2002, Merck, timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiliary, and thus, is deemed a

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

37

citizen of this state for purposes of jurisdiction. (Petition, preamble). Merck is a New Jersey corporation, with its principal place of business in said state. (Notice of Removal, ¶ 6). The citizenship of John Doe was disregarded because he is a fictitious party. 28 U.S.C. § 1441(a).

On March 27, 2002, plaintiff filed the instant, well-written, motion to remand or alternatively, motion for leave to amend and then remand.[2] Plaintiff contends that because John Doe was sufficiently described in the complaint and readily identifiable by Merck, then he should be considered for purposes of assessing diversity.[3] *Ibieta v. Brinks*, 1997 WL 781291 (E.D. La. 1997); *Tomkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D. La. 1994). We respectfully disagree with these cases. Section 1441(a) unequivocally states that "... the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). No exceptions are contemplated by this rule, and we are not at liberty to impose any.

Even if we treated John Doe as a named, non-diverse defendant, then it would have been incumbent upon the removing defendant to establish that plaintiff had no possibility of recovery against the in-state defendant, and that he had been joined merely to defeat diversity. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Here, defendant satisfied that burden.

In *Furlough v. Warner Lambert Co.*, we recognized that under Louisiana law the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Furlough v. Warner Lambert Co.*, Civil Action No. 3:01-0704 (W.D. La. 8/8 &

---

[2] After delay for discovery and briefing, the matter is now before the court.

[3] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. (*See*, Notice of Removal, ¶ 5). We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

9/13/01)(citing, *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1st Cir. 1988)). However, the instant plaintiff's original petition is devoid of any specific allegations that John Doe, (a detailman) failed to provide the product insert to his physician or that he failed to explain the product insert.[4] Thus, on its face, plaintiff's petition does not state a cause of action against the fictitious defendant, and plaintiff had no possibility of recovery against said defendant at the time of removal. John Doe is properly excluded from the assessment of diversity.

Plaintiff alternatively seeks to amend his petition to substitute Bryant Tansil for John Doe, and to add defendant-detailmen/salesmen, Sonja Ragusa, James White, Stacey Walters, John Matthews, Vincent Moronto, John Matthews, and Sonya Brantley. (*See*, First Supplemental and Amending Complaint). Plaintiff alleges that these individual defendants are Louisiana residents.[5] Of course, the post-removal joinder of any non-diverse defendant will destroy diversity jurisdiction and require remand. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999); 28 U.S.C. § 1447(e).[6]

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its

---

[4] The closest that plaintiff comes to stating an actionable claim against John Doe is his allegation that he failed to convey the hazardous and dangerous nature of Vioxx to plaintiff and his physician. (Petition, ¶ 15, 53). However, this declaration does not specifically allege that the detailman failed to deliver or explain the package inserts to the prescribing physician. *See, Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 (5th Cir. 1999).

[5] Presumably, they are Louisiana domiciliaries.

[6] The post-removal substitution for a fictitious defendant is also analyzed under 28 U.S.C. § 1447(e). *See, Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001).





M00184688

discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[7] In exercising its discretion, the district court is to consider the following factors,

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hengens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Related to this issue is whether plaintiff has a real possibility of recovery against the proposed defendants. *See, Cobb*, 186 F.3d at 678 (a court should never permit the joinder of a jurisdiction-destroying defendant when recovery against that defendant is not really possible). Without question, plaintiff's amended complaint alleges a cause of action against the putative individual defendants.[8] However, Merck submitted an uncontroverted affidavit which establishes that prior to the summer of 2001, putative defendant, Stacy K. Walters, provided the Vioxx product circular to Dr. Nesom (plaintiff's doctor), and explained it to him. (Def. Exh. C). Thus, Walters discharged her limited duty as a detailman. Moreover, even if the remaining putative defendants did not discharge their individual duties to provide and explain the product inserts to Dr. Nesom, any breach of that duty could not have been a cause-in-fact of plaintiff's injuries because Stacy Walters provided that information to Dr. Nesom prior to the summer of

---

[7] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, some courts have suggested that § 1447(e) was a codification of *Hengens*. *See, Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

[8] *See e.g.*, ¶ 1(c)(the detailman/salesman did not convey or explain the Vioxx package inserts to plaintiff's physician).

2001. Accordingly, the uncontroverted evidence establishes that plaintiff does not have a real possibility of recovery against any of the putative individual defendants.

Independent of plaintiff's chances of recovery against the individual defendants, we note that the nature of the claims and parties in this case strongly indicate that the primary purpose of the amendment is to defeat federal subject matter jurisdiction. Plaintiff alleges that the detailmen/salesmen are employees of Merck. Thus, Merck would be vicariously liable for any negligence committed by its employees within the course and scope of their employment. The joinder of Merck's employees adds nothing to plaintiff's case – except to secure remand to state court.

Merck concedes that plaintiff was not dilatory in seeking leave to amend. However, Merck alleges that plaintiff will not be significantly injured if the amendment is disallowed. We agree. As stated above, Merck is vicariously liable for its employees' negligence. Merck is fully capable of satisfying any judgment against it. To the extent that Merck could prove insolvent à la Enron or Global Crossing, the fiscal health of the individual employees would be no better. They would find themselves unemployed and struggling to meet mortgage and credit card payments.[9]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand or alternatively, motion for leave to amend and then remand [doc. # 20], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[9] There are no other dispositive equities to be considered.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of June, 2002.

COPY SENT:
DATE: 6/19/02
BY: PAM
TO: Hadley
McCall
Cohen
ARW/BB
JB

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN - 5 2002
at 2 o'clock and 47 min P M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA MEIFERT JONES, ETC., ET AL., Plaintiffs, vs. MERCK & COMPANY, INC., ET AL., Defendants. | CIVIL NO. 02-00186 SOM-LEK |

**FINDINGS AND RECOMMENDATION**
**DENYING PLAINTIFF'S MOTION TO REMAND**

On November 23, 2001, Plaintiff Donna Meifert Jones, individually and as Personal Representative of the Estate of Frank Newton Jones, Jr., also known as Frank N. Jones, deceased, ("Plaintiff"), filed a Complaint in the Circuit Court of the First Circuit State of Hawaii against Defendant Merck & Company, Inc. ("Defendant"), alleging inter alia, strict liability, negligence, negligence per se, breach of implied warranty, breach of express warranty, deceit by concealment, negligent misrepresentation, violation of the Uniform Deceptive Trade Practices Act, Chapter 481A, Hawaii Revised Statutes ("HRS"), HRS § 480-2, and punitive damages. On March 28, 2002, Defendant

filed a Notice of Removal in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1441(a).

On April 26, 2002, Plaintiff filed the instant Motion to Remand, which District Judge Susan Oki Mollway referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) on April 29, 2002. Defendant filed its opposition on May 17, 2002, and Plaintiff replied on May 23, 2002. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' submissions and arguments, this Court FINDS that the action was properly removed from state court, and thus, RECOMMENDS that Plaintiff's motion be DENIED in its entirety.

**DISCUSSION**

Defendant removed this case from state court on the basis of diversity jurisdiction. A federal district court has original jurisdiction over all civil actions involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff now contends that discovery has revealed four

distributors who "may have distributed Vioxx in Hawaii." (Pl.'s Mem. in Supp. at 4.) While Plaintiff admits that further discovery is needed to ascertain the nature and extent of Vioxx distribution in Hawaii, Plaintiff asserts an intent to add these distributors to the action. Further, Plaintiff suggests that because these distributors "are licensed to do business in the State of Hawaii," (Id.) the addition of these distributor defendants will destroy diversity jurisdiction and divest the Court of its subject matter jurisdiction.

It is well-established that the Court's diversity jurisdiction is determined at the time the notice of removal is filed. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Furthermore, under the removal statute, the citizenship of defendants sued under fictitious names is to be explicitly disregarded for purposes of diversity removal. See 28 U.S.C. § 1441(a).[1]

Plaintiff is a citizen of the State of Hawaii. Defendant, whose principal place of business is in the State of

[1] The statute states, in pertinent part, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity. See Wright & Miller, Federal Practice & Procedure § 3642.

New Jersey, is a citizen of New Jersey. It is undisputed, therefore, that complete diversity exists between Plaintiff and Defendant and that the Court has diversity jurisdiction in this action. Moreover, given the explicit language of the removal statute, the Court must necessarily disregard the citizenship of the unnamed defendants.[2]

Nevertheless, the Court is convinced that mere allegations that the unnamed defendants may be residents of Hawaii without more, is insufficient to destroy diversity. Plaintiff's papers seem to suggest that further discovery is necessary to ascertain the identity and citizenship of the unnamed defendants. Under the circumstances, therefore, there is no specific reason to believe that the unnamed defendants will prove to be Hawaii citizens.

Accordingly, and based on the clear language of 28 U.S.C. § 1441(a), this Court FINDS that removal was proper, and thus, RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[3]

---

[2] While Plaintiff's Memorandum in Support identified the distributors as McKesson Corporation, McKesson Drug Company, Amerisource Bergen and R. Weinstein, Inc., Plaintiff's Reply states "Plaintiff does not have the identity of the Hawaii distributor of Vioxx." (Pl.'s Reply at 2.) Accordingly, and given that Plaintiff has not moved to amend the Complaint to include these defendants, the Court treats these defendants as unnamed.

[3] Defendant aptly cites to Newcombe v. Adolf Coors Co., 157 F.3d 686 (9th Cir. 1998), and points out that the "proper

CONCLUSION

For the foregoing reasons this Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii: June 5, 2002.

LESLIE E. KOBAYASHI
United States Magistrate Judge

DONNA MEIFERT JONES, ETC., ET AL. V. MERCK & COMPANY, INC., ET AL; CIVIL NO. 02-00186 SOM-LEK; FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND

---

procedure" would have been for Plaintiff to first seek to add the unnamed defendants and then to move to remand. Id. at 691 n.2. This Court agrees, and further notes that the ruling herein is consistent with the rationale set forth in Newcombe. See id. at 690 ("[T]he district court was correct in only considering the domicile of the named defendants . . . . [Plaintiff] filed this suit knowing that there was complete diversity among the named defendants and that removal was a real possibility.").