**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAJED MELL<br><br>Plaintiff,<br><br>V.<br><br>MERCK & CO., INC., ALIAS and/or DOE CORPORATION, ALIAS and/or JOHN DOE and/or JANE DOE, ALIAS individually as agents of MERCK & CO., INC., and/or Doe Corporation, Alias<br><br>Defendants. | : | C.A. No. 07-00145T-LDA<br>**JURY TRIAL DEMANDED** |

**ANSWER AND JURY DEMAND OF**
**DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint and submits its Jury Demand herein as follows:

**RESPONSE TO "COUNT I"**

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3. The allegations contained in paragraph 3 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

4. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

**RESPONSE TO "COUNT II"**

6. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 5 of its Answer with the same force and effect as though set forth here in full.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering and by way of affirmative and other defenses, Merck alleges as follows:

**AS FOR A FIRST DEFENSE, MERCK ALLEGES:**

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

**AS FOR A SECOND DEFENSE, MERCK ALLEGES:**

The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MERCK ALLEGES:**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence pursuant to R.I. Gen. Laws § 9-20-4.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Rhode Island law.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

Merck seeks attorney's fees.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of their claims.

**AS FOR A THIRTIETH**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A THIRTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A THIRTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

Venue in this case is improper.

**AS FOR A THIRTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

**AS FOR A THIRTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, by the doctrine of laches.

**AS FOR A THIRTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A THIRTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A THIRTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

The claims of the Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiffs has not sustained any injury or damages compensable at law.

**AS FOR A FORTIETH**
**DEFENSE, MERCK ALLEGES:**

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

**AS FOR A FORTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,
MERCK & CO., INC.
By its attorneys,

/s/ Christine K. Bush

Christine K. Bush (#5587)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

Dated: April 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Answer and Jury Demand*** was filed through the ECF system on the 25th day of April, 2007, and will be sent electronically to the below-named counsel who is a registered participant, identified on the Notice of Electronic Filing:

Christopher E. Fay, Esq.
Fay Law Associates, Inc.
917 Reservoir Avenue
Cranston, Rhode Island 02910
(401) 944-9600

/s/ Christine K. Bush

H:\Clients\Merck\Mell\Pleadings\USDC RI\Answer.DOC